UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

FRANK SKINNER,

      Movant,

v.                                                                                     Cv. No. 2:16-cv-02512-JPM-dkv
                                                                                      Cr. No. 2:10-cr-20017-JPM-1

UNITED STATES,

      Respondent.

_____

**ORDER DENYING MOTION PURSUANT TO § 2255,
DECLINING TO TRANSFER MOTION,
DENYING CERTIFICATE OF APPEALABILITY,
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FATH,
AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**
_____

        On June 24, 2016, Movant Frank Skinner, Bureau of Prisons register number 23455-076, currently incarcerated at the low-security Federal Correctional Institution in Forrest City, Arkansas, filed a *pro se* motion titled "Motion to Vacate and Correct Sentence Pursuant A Second or Successive Motion Under 28 U.S.C. §2255." (Second § 2255 Mot., *Skinner v. United States*, No. 2:16-cv-02512-JPM-dkv (W.D. Tenn.), ECF No. 1.) The Court finds that Skinner must first obtain authorization from the United States Court of Appeals for the Sixth Circuit to bring a new claim under § 2255 and declines to transfer the motion because Skinner is not entitled to relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). Accordingly, Skinner's second or successive § 2255 Motion is DENIED.

I.  **PROCEDURAL HISTORY**

On February 2, 2011, Skinner entered a guilty plea as to three of the four counts on which he was indicted.[1] (Plea Agreement, *United States v. Skinner*, No. 2:10-cr-20017-JPM-1 (W.D. Tenn.), ECF No. 104; Min. Entry, *id.*, ECF No. 101.) On May 26, 2011, the Court sentenced Skinner to a total term of imprisonment of 300 months to be followed by three years of supervised release. (Min. Entry, *id.*, ECF No. 139; J. in a Criminal Case, *id.*, ECF No. 141.)

On May 25, 2012, Skinner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (§ 2255 Mot., *Skinner v. United States*, No. 2:12-cv-02402-JPM-tmp, ECF No. 1.) The Court denied Skinner's § 2255 Motion and entered a judgment on July 15, 2015. (Order Denying § 2255, *id.*, ECF No. 9; Judgment, *id.*, ECF No. 10.) Skinner appealed, and, on February 10, 2016, the Sixth Circuit issued an Order denying Skinner's application for a certificate of appealability and denying as moot his motion for leave to proceed in forma pauperis. *Skinner v. United States*, 15-5842 (6th Cir. Feb. 10, 2016).

On June 24, 2015, Skinner filed the instant second or successive § 2255 Motion. (Second § 2255 Mot., *Skinner v. United States*, No. 2:16-cv-02512-JPM-dkv (W.D. Tenn.), ECF No. 1.)

II. **LEGAL STANDARD AND ANALYSIS**

Because Skinner seeks to file a second or successive § 2255 motion in the district court, he must first seek authorization from the Sixth Circuit. *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3). It does not appear that Skinner has done so.

---

[1] On January 13, 2010, a federal grand jury returned a four-count indictment charging that Skinner and three co-defendants (1) on or about September 13, 2009, robbed the Pizza Hut located at 6532 Quince, Memphis, Tennessee, in violation of 18 U.S.C. § 1951 and 18 U.S.C. § 2; (2) knowingly used and carried a firearm during and in relation to the robbery, in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2; (3) on or about November 8, 2009, robbed the Pizza Hut located at 6532 Quince, Memphis, Tennessee, in violation of 18 U.S.C. § 1951 and 18 U.S.C. § 2; and (4) knowingly used and carried a firearm during and in relation to the robbery, in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2. (Indictment, *United States v. Skinner*, No. 2:10-cr-20017-JPM-1 (W.D. Tenn.), ECF No. 1.)

"When a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from [the Sixth Circuit], the district court shall transfer the document to [the Sixth Circuit] pursuant to 28 U.S.C. § 1631." *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997). In the instant case, the Court declines to transfer the motion to the Sixth Circuit. *See* 28 U.S.C. § 1631 (specifying that a transfer shall occur "if it is in the interest of justice"). Based on the record, Skinner does not have a *Johnson* claim.[2] Thus, the Court also denies Skinner's request for *Johnson* review. Accordingly, Skinner's second or successive § 2255 Motion is DENIED.

### III. APPEAL ISSUES

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue(s) which satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citation and internal quotation marks omitted); *see also Henley v. Bell*, 308 F. App'x

---

[2] The 2010 edition of the *Guidelines Manual* was used to calculate Skinner's sentencing range. (PSR ¶ 23.) According to Skinner's Presentence Investigation Report ("PSR"), Skinner did not receive any sentencing enhancement under the Armed Career Criminal Act ("ACCA"). (*See* PSR ¶ 41). Skinner also did not receive any sentencing enhancement for prior convictions for violent felonies under the Sentencing Guidelines. (*See* PSR ¶ 46.)

3

989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011) (same). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

There can be no question that the issue raised in Movant's § 2255 Motion is meritless for the reasons previously stated. Because any appeal by Movant on the issue raised in his § 2255 Motion does not merit further reivew, the Court DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade*, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED.[3]

---

[3] If Movant files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days.

4

**IT IS SO ORDERED**, this 27th day of June, 2016.

                                                /s/ Jon P. McCalla
                                                JON P. McCALLA
                                                UNITED STATES DISTRICT JUDGE